By the Court
 

 (Kinkade, J.).
 

 These two proceedings in error arise out of a single case heard and decided by the Public Utilities Commission.
 

 An application was filed with the commission by the plaintiff in error Ralph W. Secoy, for a certificate to operate a motor freight truck line between the cities of Toledo and Akron, Ohio, over a route specified in the application.
 

 
 *204
 
 Numerous parties, including the plaintiff in error the Pennsylvania Railroad Company, filed protests against the granting of the Secoy application. A hearing was had before the commission, and an order was made granting the application. Several of the protestants, including the plaintiff in error the Pennsylvania Railroad Company, filed motions for a rehearing. These motions were granted, and pending such rehearing an order was entered suspending the order granting the application. Upon the rehearing the commission again granted the application and restored the order that had been suspended. Thereupon several of the protestants, including the Pennsylvania Railroad Company, filed further motions for a further or second rehearing of the questions decided by the commission in the first rehearing. While the motions for a second rehearing were pending, but undecided by the commission, the petition in error of the Pennsylvania Railroad Company was filed in this court against the order made by the commission granting the application, on the same grounds set forth in its motion for a rehearing, stating in its petition in error that its application for a rehearing had not been either granted or denied.
 

 At a later date the commission further considered the applications for a second rehearing and fixed a date for such hearing. A full rehearing was then had upon the evidence theretofore produced and upon additional evidence, and after such hearing the commission decided all the issues in favor of the protestants, finding upon the evidence that the applicant had failed to show the existence of any public convenience and necessity which justified the grant
 
 *205
 
 ing of the application, but, on the contrary, that the evidence clearly established the fact that the necessities and convenience of the public in the territory embraced were amply covered by existing lines of transportation.
 

 Following this final action by the commission, Secoy filed his petition in error in this court, in which he claimed that the first order made by the commission was the only final order made by the commission, for the reason that the commission had no jurisdiction to modify that order as it did by its later orders.
 

 A checking of the dates upon which the commission acted clearly discloses that at no time prior to the entering of its last order denying the application did the commission lose jurisdiction of the case, for the reason that none of the orders theretofore made had become finally effective before being modified by the commission.
 

 The plaintiff in error Secoy claims that the order of the commission denying his application was unreasonable and unlawful. There is abundant evidence manifest in the record which might well have convinced the commission that no public necessity or convenience existed which called for the granting of the application. We find no error in the record prejudicial to the plaintiff in error Secoy, and the action of the commission in denying his application will be affirmed.
 

 The commission having completely abrogated and reversed its first order, which at no time had become effective as a final order, and to which the plaintiff in error the Pennsylvania Railroad Com
 
 *206
 
 pany prosecuted error iu this court, that error proceeding will be dismissed.
 

 Proceedings in error dismissed in cause No. 22439. Order denying application affirmed in cause No. 22539.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.