By the Court.
 

 Section 496, G-eneral Code, requires
 
 *264
 
 the secretary of the Public Utilities Commission to keep a full and complete record of all proceedings of the commission.
 

 Section 544, General Code, provides that a
 
 final order
 
 made lay the commission may be reversed, vacated or modified by this court on appeal, if upon consideration of the record this court is of the opinion that such order was unlawful or unreasonable.
 

 Section 547, General Code, bars such appeal “unless * * * filed within sixty days after the entry of the
 
 final order
 
 complained of upon the journal of the commission.” (Italics ours.)
 

 This court has held that an oral announcement or placing in the files of a signed memorandum granting a certificate and stating when it should take effect, does not bar the commission from making further investigation or from modifying such memorandum before entering a final order upon its journal and issuing a certificate.
 
 Interstate Motor Transit Co.
 
 v.
 
 Public Utilities Commission,
 
 119 Ohio St., 264, 163 N. E., 713, paragraph 2 of the syllabus. See, also,
 
 Penna. Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 203, 174 N. E., 737.
 

 No final order has been entered by the commission on its journal. That is apparent from an examination of the stipulated facts.
 

 The motion is sustained and the appeal dismissed.
 

 Appeal dismissed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.